**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ADIB F. FARHA, )
)
        Plaintiff, )
)
v. )   Case No. 09-1059-JTM
)
BADR IDBEIS and )
CARDIOVASCULAR HOSPITALS )
OF AMERICA, LLC, )
)
        Defendants. )
)

## **MEMORANDUM AND ORDER**

This matter is before the court on the following motions:

    1. Plaintiff's first motion to compel (Doc. 29);

    2. Plaintiff's second motion to compel (Doc. 44);

    3. Plaintiff's third motion to compel (Doc. 61);

    4. Plaintiff's fourth motion to compel (Doc. 73); and

    5. Plaintiff's motion to amend his complaint (Doc. 77).

The rulings are set forth below.

## **Background**

Cardiovascular Hospitals of America ("CHA") hired plaintiff in 2005 and terminated

him in 2009.[1] Plaintiff is a healthcare administrator who served as executive vice-president during his employment at CHA. Highly summarized, plaintiff alleges that defendants (1) breached the parties' contract, (2) violated state and federal wage laws, (3) engaged in fraud, and (4) engaged in retaliatory discharge in violation of state and federal laws. The events giving rise to plaintiff's claims occurred during a time when CHA experienced significant financial stress and compensation and employee benefits were "deferred."

Defendants' responses to plaintiff's production requests and interrogatories generated a relatively large number of discovery disputes. Issues common to the various responses include: (1) the timeliness of defendants' responses, (2) defendants' efforts to locate documents, (3) the storage of documents, and (4) the existence of certain types of documents.

The court conducted a status conference on January 29, 2010 in an effort to resolve three motions to compel (Doc. 29, 44, and 61). At the conclusion of the conference the parties were directed to: (1) engage in additional discussions concerning the disputed discovery requests, (2) complete a Rule 30(b)(6) deposition concerning defendants' document storage, location, and recovery efforts and (3) submit a supplemental report describing the status of the disputed discovery requests. Unfortunately, the Rule 30(b)(6) deposition spawned yet another motion to compel (Doc. 73) and the parties' supplemental report, although helpful, reveals only limited success in resolving the pending discovery

---

[1] Idbeis, a cardiovascular surgeon, founded CHA in 2002. In addition to holding 60 percent of the equity and voting rights, Idbeis was also CHA's president, chief executive officer and board chairman during the relevant time period.

disputes.[2] The rulings on the remaining discovery disputes are set forth greater detail below.

**Plaintiff's First Motion to Compel**

Plaintiff's first motion to compel seeks complete responses from CHA to production requests 1, 4-9, 16-18, and 23 (First Set).[3] CHA opposes the motion, generally arguing that (1) the documents are either already in plaintiff's possession or (2) the requests are not reasonably calculated to lead to the discovery of admissible evidence. The individual production requests and rulings are listed below.

**Production Request 1**

Request No. 1 seeks production of all documents that reflect the corporate structure, ownership, operation, control and/or management of CHA, including but not limited to articles of organization, operating agreements, bylaws, unit/membership purchase agreements, buy/sell agreements, management agreements, stock/unit ledgers, corporate minutes, and corporate resolutions. CHA argues that plaintiff's document request is (1) "unreasonably cumulative or duplicative" and (2) that membership purchase agreements, unit

---

[2] The parties' supplemental report is 24 pages long and indicates that approximately 40 production requests and interrogatories are still in dispute. In light of the large volume of disputed discovery requests, additional oral argument would be inefficient and unnecessarily time consuming for the parties and the court. Accordingly, the rulings are be based on the parties' written submissions.

[3] Plaintiff has withdrawn his request to compel production request 19.

-3-

purchase agreements and stock ledgers are irrelevant because the documents are not likely to lead to the discovery of admissible evidence.

CHA's arguments in opposition to plaintiff's motion to compel Request No. 1 are summarily rejected because CHA did not assert these objections in its original response to the production request; therefore, the objections are waived.[4] Additionally, CHA has not shown that plaintiff already possesses all documents responsive to Request No. 1.[5] Finally, membership purchase agreements, unit purchase agreements, and stock ledgers are relevant to establishing Mr. Idbeis' individual liability. Accordingly, plaintiff's motion to compel a complete response to Request No. 1 is GRANTED.

**Production Requests 4 and 5**

Requests 4 and 5 seek production of all documents created in accordance with CHA's participation in federal Medicare and Medicaid programs and/or any third-party health care payor program. CHA opposes the motion to compel, arguing that this request is vague and burdensome because it would require the production of virtually every business record

---

[4] Untimely objections to production requests are waived. Starlight Int'l, Inc., v. Herlihy, 181 F.R.D. 494 (D. Kan. 1998).

[5] CHA objects to production and asserts that plaintiff already has some documents in his possession. Clearly, plaintiff has *some* relevant documents and emails in his possession. However, defendants' general assertion that they do not have to produce documents already in plaintiff's possession is rejected because this response is vague. Neither plaintiff nor the court can evaluate the completeness of defendants' discovery production with this vague qualification.

created by CHA during its existence. Plaintiff counters that he modified his requests during the meet and confer process to the "actual time allocations" submitted to federal, state, and third-party payors.

The court agrees that the requests are overly broad and burdensome on their face because the requests require production of virtually all billing and payment records concerning Medicare and Medicaid, regardless of whether plaintiff is mentioned in the records. Accordingly, plaintiff's motion to compel Request Nos. 4 and 5 is DENIED.[6]

**Production Request 6**

Request 6 seeks production of all files and documents relating to every individual employed, contracted with, or otherwise engaged by CHA to provide services on behalf of CHA, including compensation and related information. CHA opposes the motion to compel, arguing that this request is not reasonably calculated to lead to the discovery of admissible evidence.

The court is satisfied that this request seeks relevant evidence. For example, the failure to pay wages to other employees is relevant to liquidated damages, statutory penalties and punitive damages. The requested information is also relevant to show the degree to which Mr. Idbeis exercised control over employment decisions and whether other employees

---

[6] CHA agrees to produce "the time allocations" made by plaintiff. Documents containing these time allocations shall be produced consistent with CHA's representation.

were paid when CHA claimed a financial inability to pay plaintiff.[7] Accordingly, plaintiff's motion to compel production of Request No. 6 is GRANTED.

**Production Request 7**

Request 7 seeks production of all documents concerning or relating to the decision to terminate plaintiff. CHA asserts that the only documents responsive to the request are attached to plaintiff's complaint as Exhibit B; therefore, the motion to compel Request 7 should be denied. Doc. 31, p. 6. Plaintiff asserts that it is difficult to believe that CHA discharged an Executive Vice-President without creating any notes, memos, or other documents concerning this decision beyond those provided to Farha.

The court agrees that it would be unusual for an officer of a corporation to be terminated without any notes, memos, or email messages beyond those provided to Farha when he was terminated. However, CHA represents that no additional documents exist. The court cannot compel documents that do not exist. Accordingly, plaintiff's motion to compel Request 7 shall be DENIED.[8]

---

[7] For example, there are allegations in this case that Idbeis had CHA provide benefits and other compensation to his relatives. Such evidence may support claims concerning CHA's corporate status and Idbeis' personal liability.

[8] The court will entertain a motion for sanctions should it later be determined that CHA in fact had additional responsive documents and that representations in the September 9, 2009 response brief were untrue.

-6-

**Production Request 8**

Request 8 seeks production of all documents concerning decisions regarding the payment, non-payment, deferral, accrual, or postponement of payments to any employee, contractor, member, owner, or other person performing services on behalf of CHA. CHA represents that the financial statements of CHA are responsive to this request and have been produced.

The court is not persuaded that the production of "financial statements" is a full and complete response to Request 8. The requested information is relevant to the claims in this case and no valid objection has been asserted. Accordingly, the motion to compel a complete response to Request 8 shall be GRANTED.

**Production Request 9**

Request 9 seeks production of all time cards, time records, payroll records, paycheck stubs, W-2's, 1099's and all other documents concerning the hours worked by plaintiff and compensation paid to plaintiff during his employment with CHA. In response to this request, CHA raised no objection but stated: (1) there was no device which recorded plaintiff's time, (2) W-2's and K-1's have previously been provided to plaintiff, (3) defendants are producing the time allocations made by plaintiff, and (4) there are no other records of time worked by plaintiff.

Again, the information requested is clearly relevant to plaintiff's claims and CHA has not asserted a valid objection to providing complete production of documents responsive to

Request 9.[9] According, plaintiff's motion to compel complete document production responsive to Request 9 is GRANTED.

**Production Request 16**

Request 16 requests production of all documents identified in defendants' initial Rule 26 disclosures. CHA answered the request by stating "documents will be produced." Notwithstanding this response, CHA now argues in response to the motion that plaintiff had documents responsive to the request when he filed his complaint; therefore, the motion to compel should be denied.

No objection was asserted in response to the original production request and any objections now asserted are waived. Moreover, it is improper for CHA to represent that documents will be produced and, in response to a subsequent motion to compel, argue that production is not required because "plaintiff already has the documents in his possession." Accordingly, plaintiff's motion to compel Request 16 is GRANTED.[10]

---

[9] For example, CHA states there are no other "time records" but does not address "payroll records" which would include a broader range of documents.

[10] Plaintiff requests an order pursuant to FRCP 37(c)(1) prohibiting the use of information at trial that has not been disclosed. It is unclear what order plaintiff would have the court enter at this time other than a recitation of Rule 37(c). Such a general order would have limited practical effect at this time. Rule 37(c) disputes are best resolved by the trial judge when the admission of a specific document is in controversy.

**Production Request 17**

Request 17 seeks production of all written or recorded communications relating to the matters at issue in this lawsuit. CHA argues "this request is overly broad [and includes] all attorney-client privileged communications and attorney work product." Doc. 31, p. 8. CHA asserts there are no documents responsive to this request other than those already produced or "those that are privileged."

With respect to CHA's claim of attorney-client privileged communications and work product, FRCP 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) *describe the nature of the documents, communications, or tangible things* not produced or disclosed—and do so *in a manner that*, without revealing information itself privileged or protected, *will enable other parties to assess the claim*. (Emphasis added.)

Typically, parties satisfy Rule 26(b)(5)(A)(ii) by creating a privilege log describing the date the document was created, the author and receipt, the general reason the communication relates to legal advice or work product and the specific privilege claimed.[11] No privilege log was prepared in this instance and CHA merely asserts in a conclusory response that attorney-

---

[11] A privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document. For example, a party might satisfy Rule 26(b)(5)(A)(ii) by describe a particular communication in such narrative detail that a formal privilege log is unnecessary.

-9-

client and work product documents have been withheld.

CHA's conclusory assertion of the attorney-client privilege and work product doctrine fails to satisfy the requirements of Rule 26(b)(5)(A)(ii) because neither plaintiff nor the court is able to determine whether the asserted privileges are applicable to the withheld documents.[12] Equally important, CHA fails in its response brief to show that the privilege is applicable to the withheld documents. At best, CHA merely asserts that it has withheld documents based on the attorney-client privilege and work product doctrine. Such conclusory assertions are inadequate to establish and preserve the claimed privileges. Accordingly, CHA's claim of the attorney-client and work product privileges as a basis for withholding documents is rejected and the motion to compel is GRANTED.

**Production Request 18**

The parties have resolved Production Request 18; therefore, the motion to compel this request is MOOT.

**Production Request 23**

Request 23 seeks production of any and all documents maintained by David Phillips

---

[12] The failure is particularly fatal because CHA employed David Phillips, an attorney, as general counsel during the relevant time. CHA presents no evidence about whether the withheld communications were for the purpose of securing legal advice or simply business advice. Oddly, CHA does not even provide information as to when the alleged privileged communications occurred.

concerning plaintiff. CHA again asserts that it will not produce email correspondence to or from David Phillips because he is general counsel for CHA and "that such communication is protected by the attorney-client privilege."

Plaintiff's motion to compel Request 23 is GRANTED because CHA has again failed to comply with Rule 26(b)(5)(ii). Additionally, CHA has failed to provide *any* evidence to the court in its response brief that the communications were for the purpose of securing legal advice. Mr. Phillips was a member of the Board of Managers and partial owner of CHA. The mere fact that he served as general counsel does not establish that all of his communications concerning plaintiff were for the purpose of securing legal advice. Accordingly, CHA's claim of an attorney-client privilege is rejected and the motion to compel is GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's first motion to compel **(Doc. 29)** is **GRANTED IN PART** and **DENIED IN PART.** Consistent with the rulings herein, CHA shall provide complete responses to the production requests by **August 20, 2010.**

### Plaintiff's Second Motion to Compel

On August 21, 2009, plaintiff served Idbeis with (1) "Plaintiff's First Request for Production of Documents to Defendant Badr Idbeis" and (2) "Plaintiff's First Set of Interrogatories to Defendant Badr Idbeis." Responses to the discovery requests were due September 23, 2009. No discovery responses were provided and on October 20, 2009,

plaintiff asked defendant in a letter whether the discovery requests would be answered without objections. Defense counsel responded that same day and advised that documents had been gathered and interrogatory answers had been drafted. Defense counsel also expressed optimism that the discovery responses would be provided "within the next seven days." (Doc. 45-5, Exhibit A-4). No discovery responses were provided on behalf of Idbeis and plaintiff sent another letter dated November 16, 2007 to defense counsel specifically warning that discovery responses had not been provided by Idbeis and that a motion to compel would be filed that same day.[13]

Plaintiff filed his motion to compel on November 16, 2009 and Idbeis finally served his discovery responses with numerous objections on December 3, 2010. Idbeis contends that the delay in responding to outstanding discovery requests "resulted from excusable inadvertence and mistake" and that plaintiff's motion is now moot. The court does not agree.

A party has thirty days to serve responses, including objections, to interrogatories and document production requests. FRCP 33(b)(2) and 34(b)(2).[14] Untimely objections to written discovery are waived unless the court excuses the failure for "good cause." FRCP 33(b)(4) (interrogatories); <u>Starlight Int'l, Inc. v. Herlihy</u>, 181 F.R.D. 494 (D. Kan. 1998) (applying same waiver standard to Rule 34 document requests). The Tenth Circuit has interpreted

---

[13] On November 10, 2009, CHA served responses to separate production requests and interrogatories directed to CHA.

[14] The 30 day period may be lengthened or shortened by stipulation under Rule 29 or court order. No stipulation or court order extended the time to respond.

"good cause" narrowly, rejecting assertions of inadvertence or neglect. Broitman v. Kirkland, 86 F.3d 172, 175 (10th Cir. 1996)(analyzing "good cause" for purposes of FRCP 4(j)). Generally, a party asserting good cause "must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218 (1221 (D. Kan. 1995). Carelessness and a lack of prejudice to the nonmovant does not show "good cause." Id.

Counsel for Idbeis does not show due diligence in providing timely responses to the discovery requests and, at best, asserts excusable neglect. FRCP 6(b)(1)(B) allows the court to extend the time for completing a specific act after the deadline has passed "on motion made after the time has expired if the party failed to act because of excusable neglect."[15] However, Idbeis' excusable neglect argument is rejected for two reasons. First, no motion was filed as required by FRCP 6(b)(1)(B). Second, and more importantly, as explained below, the court is not persuaded that Idbeis' "neglect" in failing to provide timely objections is "excusable."

Defense counsel explains that the discovery requests for Idbeis were served at the same time that discovery requests were served for CHA. Following service, a new attorney in the same law firm entered his appearance and, for reasons unexplained, "did not receive the discovery requests directed at Defendant Idbeis." If this were the sole basis for failing

---

[15] Because Mr. Idbeis' explanation fails under either standard, the court does not resolve in this opinion whether "excusable neglect" under FRCP 6(b)(1)(B) is a permissible alternative to the "good cause" standard set forth in FRCP 33(b)(2).

to timely respond, a plausible argument could be made that the neglect should be considered "excusable." Unfortunately, carelessness when transferring pending discovery requests to the new attorney in September 2009 is only part of the story. Plaintiff additionally sent new counsel (1) a follow up letter on October 20, 2009 concerning the failure of Idbeis to respond, (2) a follow up letter on November 16, 2009 concerning Idbeis' failure to respond and (3) a November 16, 2009 motion to compel Idbeis' responses. Despite these additional written requests, Idbeis' responses were not provided until December 3, 2009.[16] The failure to provide timely discovery responses and objections after multiple written warnings is not "excusable."

Because Idbeis' objections were untimely and he fails to show "good cause" or "excusable neglect," Idbeis' objections are waived. Accordingly, plaintiff's motion to compel Idbeis to provide complete responses and interrogatories without any objections shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's second motion to compel Idbeis to answer plaintiff's production requests and interrogatories **(Doc. 44)** is **GRANTED**. Idbeis shall provide responses to plaintiff's production requests and interrogatories by **August 20,**

---

[16] Defense counsel asserts that additional delays were caused by his mistake in confusing the discovery requests to Mr. Idbeis with discovery responses provided by CHA. Defense counsel's "mistake" or "confusion" is not "excusable" because the October and November letters and second motion to compel clearly explain that Mr. Idbeis had failed to provide timely discovery responses.

**2010.** The discovery responses shall be full and complete, without any reservation based on "objections." Plaintiff's request for attorney fees is reserved pending compliance with this order.

**Plaintiff's Third Motion to Compel**

Plaintiff's third motion seeks an order compelling CHA to "fully, completely and without objection" (1) produce documents responsive to plaintiff's production requests 26-30, 31, 34-36 (second set) and production request 38 (third set) and (2) answer interrogatories 2, 6, and 8-11.[17]  Plaintiff argues that (1) CHA's objections were untimely and therefore waived and (2) CHA has not fully responded to the discovery requests.  CHA opposes the motion, asserting that it (1) has not waived any objections, (2) asserted valid objections, and (3) produced the "relevant principal and material documents and information."

With respect to the waiver issue, the legal standards concerning timely objections are discussed above and need not be repeated.  The chronology of plaintiff's discovery requests to CHA parallel those discussed above concerning Mr. Idbeis.  Production requests (second and third sets) and interrogatories (first set) were served on CHA on August 21, 2009 and responses and objections were due September 23, 2009.  Timely responses and objections were not served by the deadline and no extensions of time were sought from opposing

---

[17] Plaintiff also renews its request to compel Idbeis to fully and completely answer production requests and interrogatories.  The court granted this relief when ruling on plaintiff's second motion to compel; therefore, the court will not revisit the issues concerning Idbeis discovery responses.

counsel or the court.

On October 12, 2009 CHA served its response and objections to production request 38 (third set). However, for reasons unexplained, no objections or responses were provided in response to plaintiff's second set of production requests and first set of interrogatories. On October 20, 2009, plaintiff sent defense counsel a letter noting that CHA had not served timely responses and that plaintiff considered all objections waived. Plaintiff also asked whether CHA intended to respond without objection and whether defendants would agree to an extension of time for plaintiff to file his motion to compel. Defense counsel responded that same day with a letter stating that discovery responses would hopefully be provided within seven days. CHA finally served its discovery responses with multiple objections on November 10, 2010. On November 16, 2009, plaintiff sent a "golden rule letter" concerning CHA's untimely discovery responses and, after additional delays, the parties have conferred concerning the disputed discovery requests.

CHA argues that "good cause" exists for its delay in responding to plaintiff's discovery requests; however, the explanation for CHA's delay in responding is exceedingly vague as follows:

> Defendants' delay in responding to plaintiff's discovery requests resulted from defendants' switch to new counsel within the same law firm. The switch occurred after plaintiff submitted the discovery requests, but only a week before they were due. The switch caused a significant delay in responding. Defendants' new counsel prepared discovery responses as soon as possible.

No explanation is offered why the "switch" in counsel caused a 48-day delay in providing

-16-

CHA's discovery objections. Moreover, the simple statement that discovery responses were prepared "as soon as possible" does not show good cause or excusable neglect.[18] Because CHA has failed to show "good cause" or "excusable neglect" for failing to assert its objections in a timely manner, the objections are waived. Accordingly, plaintiff's third motion to compel complete responses shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's third motion to compel (Doc. 61) shall be **GRANTED.** Defendants shall fully and completely answer the production requests and interrogatories, without objection, by **August 20, 2010.** Plaintiff's request for attorney fees is reserved pending full and complete responses to the discovery requests.

### Plaintiff's Fourth Motion to Compel

The court granted plaintiff leave to take a limited Rule 30(b)(6) deposition to determine the location of documents and CHA's efforts to respond to plaintiff's discovery requests. CHA designated Steve Phillips, its general counsel, to testify on its behalf. Plaintiff alleges that Phillips was unable to respond to a number of questions and said answers would have to come from Idbeis. Plaintiff contends that CHA failed to present a witness prepared to address the topics listed in the Rule 30(b)(6) deposition notice and moves

---

[18] The 48-day delay is based on the CHA's September 23, 2009 response date. "New Counsel" entered his appearance on September 17, 2009 and concedes that he was aware of the pending CHA discovery requests when the "switch" in counsel occurred.

to compel the production of Idbeis for a limited records deposition. Defendants oppose the motion, arguing that Mr. Phillips provided plaintiff information consistent with the purpose of the deposition. Defendants argue Mr. Phillips was unable to answer questions which were (1) beyond CHA's knowledge and control or (2) irrelevant in light of other information provided.

The court has reviewed portions of the deposition testimony and it is clear that Idbeis is the person capable of answering questions concerning email storage and other record retention issues that relate to CHA records. Defendants' conclusory assertion that the questions are beyond CHA's knowledge and control are summarily rejected because Mr. Idbeis is the key officer of CHA and his knowledge about his email interaction and record keeping efforts fall within the umbrella of CHA's "knowledge and control." Similarly, defendants' argument that the questions are irrelevant in light of "other information" is not persuasive. CHA's record keeping practices are exceedingly vague and the disappearance of a backup disc cannot be lightly brushed aside by simply saying "don't know what happened to the backup disc." Moreover, the surprising lack of business records raises a red flag that justifies further inquiry by plaintiff. Accordingly, plaintiff's motion to compel Idbeis to appear for a deposition concerning record keeping, electronic discovery, and search efforts shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's fourth motion to compel (Doc. 73) is GRANTED and Idbeis shall present himself for deposition. The deposition shall be

completed by **August 27, 2010.**[19]

**Plaintiff's Motion to Amend**

Plaintiff moves for leave to amend his complaint to include specific allegations that CHA is Idbeis' alter-ego and that Idbeis is personally liable under a piercing-the-corporate-veil theory.[20] Defendants oppose the motion, arguing that the deadline in the original scheduling order (July 7, 2009) has passed and plaintiff has not shown "good cause" for amending the complaint.

The court is satisfied that plaintiff has shown "good cause" for amending the complaint after the deadline established in the original scheduling order. Recently discovered evidence suggests that Idbeis may have siphoned CHA corporate funds for personal family expenses. Additionally, a recently produced "Bank Reconciliation" shows Idbeis' financial control over CHA and evidence that he is shuffling funds in and out of CHA

---

[19] The deposition should be limited to questions concerning the storage and possible existence of documents and information related to this case. Plaintiff is granted leave to take a later deposition of Idbeis concerning the merits of the case.

[20] Plaintiff believes that his existing allegations of joint and several liability against CHA and Idbeis are sufficient to permit recovery based on the alter-ego/piercing-the-corporate-veil doctrine but moves to amend to add factual allegations to avoid later disputes on this point.

accounts, leaving CHA inadequate funds to cover future expenses.[21] The recently discovered evidence establishes "good cause" for plaintiff to amend his complaint to add specific factual allegations.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file a second amended complaint (**Doc. 77**) is **GRANTED.** Plaintiff shall file and serve his amended complaint by **August 20, 2010.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 10th day of August 2010.

> S/ Karen M. Humphreys
> KAREN M. HUMPHREYS
> United States Magistrate Judge

---

[21] The financial activity cited by plaintiff occurred shortly after his termination. Defendants contend that such evidence is not relevant to plaintiff's alter-ego/piercing-the-corporate-veil claim. The authority cited by defendants concerning the relevance and admissibility of such evidence is extremely slim. Without expressing any opinion concerning the ultimate evidentiary ruling concerning admissibility, the court concludes that the better practice is to allow the amendment and the issue can be more fully briefed through a dispositive motion or motion in limine.